**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES EVERETT SHELTON, <br><br>      Plaintiffs, <br><br> v. <br><br> DIRECT ENERGY, LP, AND KAA ENERGY, INC., <br><br>      Defendant. | Case No. 2:20-cv-03966-CMR |

**DEFENDANT DIRECT ENERGY, LP'S ANSWER TO**
**PLAINTIFF'S COMPLAINT**

Defendant Direct Energy, LP ("Direct Energy") files this Answer to Plaintiff James Everett Shelton's Complaint, and respectfully shows the Court as follows:

**PRELIMINARY STATEMENT**

1. Direct Energy admits only that the plain language *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 207 L.Ed.2d 784 (2020), speaks for itself. Direct Energy denies the remaining allegations in paragraph 1.

2. Direct Energy admits only that it retained an independent contractor, KAA Energy, Inc., to conduct telemarketing operations in compliance with the TCPA. Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2. To the extent that any further response is required, Direct Energy denies the remaining allegations in paragraph 2.

3. Direct Energy admits only that Mr. Shelton previously filed a similar lawsuit against Direct Energy and KAA Energy and that he seeks class certification of his pending

claims. Direct Energy denies the remaining allegations in paragraph 3, specifically including that certification is permissible.

4.      Direct Energy admits only that Mr. Shelton filed this lawsuit and that the plain language of the TCPA and Federal Rules of Civil Procedure speak for themselves. Direct Energy denies the remaining allegations in paragraph 4, specifically including that "a class action is the best means of obtaining redress."

## PARTIES

5.      Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 5.

6.      Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 6.

7.      Direct Energy admits only that it is a Delaware limited partnership; that it does business in the State of Pennsylvania and other states; and that some of its customers are enrolled through telemarketing sales. Direct Energy denies the remaining allegations in paragraph 7.

## JURISDICTION AND VENUE

8.      Direct Energy denies the Court has subject matter jurisdiction because Plaintiff lacks Article III standing, as he has not suffered an injury in fact and because the purported violation occurred after 2015 and before the Supreme Court's decision in *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2356, 207 L.Ed.2d 784 (2020), which severed the government debt exception that had previously violated Direct Energy's first amendment rights and rendered the TCPA unconstitutional. Accordingly, Direct Energy denies that the allegations in paragraph 8.

9.       Direct Energy does not challenge venue under 28 U.S.C. § 1391 at this time. Direct Energy denies the remaining allegations in paragraph 9.

### The Telephone Consumer Protection Act

10.       Direct Energy admits only that the plain language of the TCPA speaks for itself. Direct Energy denies the remaining allegations in paragraph 10.

The TCPA's Prohibition of Automated Telemarketing Calls

11.       Direct Energy admits only that the plain language of the TCPA speaks for itself. Direct Energy denies the remaining allegations in paragraph 11.

12.       Paragraph 12 contains statements of law or legal conclusions which require no response. To the extent that any response is required, Direct Energy denies the allegations in paragraph 12.

13.       Paragraph 13 contains statements of law or legal conclusions which require no response. To the extent that any response is required, Direct Energy denies the allegations in paragraph 13.

14.       Direct Energy admits only that Congress vested the Federal Communication Commission ("FCC") with authority to issue regulations implementing the TCPA. Direct Energy denies the remaining allegations in paragraph 14.

15.       Direct Energy admits only that the plain language of the referenced FCC order speaks for itself. Direct Energy denies the remaining allegations in paragraph 15.

The Growing Problem of Automated Telemarketing

16.       Direct Energy admits only that the article referenced in paragraph 16 speaks for itself. Direct Energy denies the remaining allegations in paragraph 16.

17.     Direct Energy admits only that the plain language of the referenced Federal Trade Commission order speaks for itself. Direct Energy denies the remaining allegations in paragraph 17.

18.     Direct Energy admits only that the plain language of the referenced FTC press release speaks for itself. Direct Energy denies the remaining allegations in paragraph 18.

19.     Direct Energy admits only that the plain language of the referenced article speaks for itself. Direct Energy denies the remaining allegations in paragraph 19.

20.     Direct Energy admits only that the plain language of the referenced article speaks for itself. Direct Energy denies the remaining allegations in paragraph 20.

21.     Direct Energy admits only that the plain language of the referenced FTC consumer help data speaks for itself. Direct Energy denies the remaining allegations in paragraph 21.

## FACTUAL ALLEGATIONS

22.     Direct Energy admits only that it is a retail electric provider that is licensed to sell electricity in Pennsylvania and elsewhere. Direct Energy denies the remaining allegations in paragraph 22.

23.     Direct Energy admits only that it contracts with independent contractors to perform telemarketing operations and that telemarketing is one of many ways that customers are enrolled. Direct Energy denies the remaining allegations in paragraph 23.

24.     Direct Energy admits only that it retains third-parties, such as KAA Energy, as independent contractors, to contact potential new customers that provide their prior express written consent. Direct Energy denies the remaining allegations in paragraph 24.

25.     Direct Energy denies the allegations in paragraph 25.

4

26.     Direct Energy denies the allegations in paragraph 26.

27.     Direct Energy denies the allegations in paragraph 27.

**The Call to Mr. Shelton**

28.     Direct Energy admits the allegations in paragraph 28.

29.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 29.

30.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 30.

31.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 31.

32.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 32.

33.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 33.

34.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 34.

35.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 35.

36.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 36.

37.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 37.

38.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 38.

39.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 39.

40.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 40.

41.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 41.

42.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 42.

43.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 43.

44.     Direct Energy admits the allegations in paragraph 44.

45.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 45.

46.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 46.

47.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 47 .

48.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 48.

49.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 49.

50.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 50.

51.     Direct Energy admits only that KAA Energy acknowledged making the call. Direct Energy denies the remaining allegations in paragraph 51.

52.     Direct Energy denies the allegations in paragraph 52.

**Direct Energy's Liability and its Arrangement with KAA Energy**

53.     Direct Energy admits only that the plain language of the referenced FCC order speaks for itself. Direct Energy denies the remaining allegations in paragraph 53.

54.     Direct Energy admits only that the plain language of the referenced FCC order speaks for itself. Direct Energy denies the remaining allegations in paragraph 54.

55.     Direct Energy admits only that the plain language of the referenced FCC order speaks for itself. Direct Energy denies the remaining allegations in paragraph 55.

56.     Direct Energy admits only that the plain language of the referenced FCC order speaks for itself. Direct Energy denies the remaining allegations in paragraph 56.

57.     Direct Energy admits only that the plain language of the referenced FCC order speaks for itself. Direct Energy denies the remaining allegations in paragraph 57.

58.     Direct Energy denies the allegations in paragraph 58.

59.     Direct Energy denies the allegations in paragraph 59.

60.     Direct Energy denies the allegations in paragraph 60.

61.     Direct Energy admits only that it required KAA Energy to comply with all federal and state Do-Not-Call laws. Direct Energy denies the remaining allegations in paragraph.

62.     Direct Energy denies the allegations in paragraph 62.

63.     Direct Energy denies the allegations in paragraph 63.

64.     Direct Energy denies the allegations in paragraph 64.

65.     Direct Energy admits only that Mr. Shelton previously sued and the allegations speak for themselves. Direct Energy denies the remaining allegations in paragraph 65.

66.     Direct Energy admits only that KAA Energy acknowledges placing the call to Mr. Shelton. Direct Energy denies the remaining allegations in paragraph 66.

67.     Direct Energy admits only that the plain language of the referenced FCC order speaks for itself. Direct Energy denies the remaining allegations in paragraph 67.

**Class Action Allegations**

68.     Paragraph 68 contains statement of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations in paragraph 68.

69.     Direct Energy admits only that Mr. Shelton's proposed class definition speaks for itself. Direct Energy denies that Mr. Shelton is entitled to class certification and the remaining allegations in paragraph 69.

70.     Direct Energy admits only that Mr. Shelton's proposed class definition speaks for itself. Direct Energy denies that Mr. Shelton is entitled to class certification and the remaining allegations in paragraph 70.

71.     Direct Energy denies the allegations in paragraph 71.

72.     Direct Energy denies the allegations in paragraph 72.

73.     Direct Energy denies the allegations in paragraph 73.

74.     Direct Energy denies the allegations in paragraph 74 and its four subparagraphs.

75.     Direct Energy denies the allegations in paragraph 75.

76.     Direct Energy denies the allegations in paragraph 76.

77.    Paragraph 77 contains statement of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations in paragraph 77.

78.    Paragraph 78 contains statement of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations in paragraph 78.

79.    Direct Energy denies the allegations in paragraph 79.

80.    Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 80.

## LEGAL CLAIMS

### Count One:
### Violation of the TCPA's Prohibition Against Automated Telemarketing

81.    Direct Energy repeats and realleges its Answers to paragraphs 1 through 80 as set forth herein.

82.    Direct Energy denies the allegations in paragraph 82.

83.    Direct Energy denies the allegations in paragraph 83.

84.    Direct Energy denies the allegations in paragraph 84.

85.    Direct Energy denies the allegations in paragraph 85.

## RELIEF SOUGHT

Direct Energy denies that Mr. Shelton or any of the purported, uncertified class are entitled to any of the requested relief.

## JURY DEMAND

Direct Energy admits only that Mr. Shelton has requested a jury trial.

**AFFIRMATIVE DEFENSES**

86.     Mr. Shelton's claims are barred, in whole or in part, by the doctrine of justification.

87.     Mr. Shelton's claims are barred, in whole or in part, by the doctrines of waiver or estoppel.

88.     Mr. Shelton's claims are barred, in whole or in part, because Plaintiffs have suffered no damage.

89.     Mr. Shelton's claims are barred because Mr. Shelton lacks standing.

90.     Mr. Shelton's claims are barred, in whole or in part, by the affirmative defenses provided by statute under the TCPA, 47 U.S.C. § 227, *et. seq*.

91.     Mr. Shelton's claims are barred, in whole or in part, because Direct Energy and/or its vendors maintains a written policy regarding a do-not-call list and abides by other do-not-call list requirements.

92.     Mr. Shelton's claims are barred, in whole or in part, by fraud or the doctrine of unclean hands.

93.     Mr. Shelton's claims are barred or limited because the alleged damages or injuries to Mr. Shelton, to the extent any exist, were caused in whole or in part by the acts or omissions of third parties over which Direct Energy had and has no control.

94.     Mr. Shelton's claims are limited to the extent that Mr. Shelton failed to mitigate the alleged damages.

95.     Mr. Shelton's claims are not actionable because the TCPA was unconstitutional prior to the Supreme Court severing the debt-collection exception. *See Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2356, 207 L.Ed.2d 784 (2020).

96.     Direct Energy gives notice that it intends to rely upon such other defenses as may become available or ascertained during the course of discovery proceedings in this action, and reserves the right to amend this Answer to assert any such defense.

Dated: October 19, 2020

By: */s/ Steven M. Lucks*
    Steven M. Lucks, Esq.
    FISHKIN LUCKS LLP
    1601 Market Street, 19th Floor
    Philadelphia, PA 19103
    (215) 607-2500 (Telephone)
    (973) 679-4435 (Facsimile)
    slucks@fishkinlucks.com

      -and-

    MCDOWELL HETHERINGTON LLP
    Michael D. Matthews, Jr.*
    Texas Bar No. 24051009
    William B. Thomas*
    Texas Bar No. 24083965
    1001 Fannin Street, Suite 2700
    Houston, Texas 77002
    T:  (713) 337-5580
    F:  (713) 337-8850
    matt.matthews@mhllp.com
    william.thomas@mhllp.com

    **pro hac vice applications to be filed*

    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 19th Day of October via CM/ECF on all counsel of record.

    */s/ Steven M. Lucks*
    Steven M. Lucks
    *Attorney for Direct Energy, LP*

11