IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON, on behalf of himself and others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DIRECT ENERGY, LP and KAA ENERGY, INC.,<br><br>　　　　Defendants. | :<br>:　Case No. 2:20-cv-3966-CMR<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**JOINT RULE 26(f) REPORT**

On October 30, 2020, the parties conducted a Fed. R. Civ. P. 26(f) conference as required by this Court's October 21, 2020 Order. *See* ECF No. 4.

**I.    Counsel**

**A.**  Lead counsel for Plaintiff(s): Joseph Murray for Plaintiff

**B.**  Lead counsel for Defendant(s): Steven Lucks for Direct Energy.

**C.**  Counsel who participated in Rule 26(f) conference on behalf of Plaintiff: Joseph Murray for Plaintiff.

**D.**  Counsel who participated in Rule 26(f) conference on behalf of Defendants: William Thomas for Direct Energy. Counsel for KAA Energy has not made an appearance.

**II.   Description of Claims and Defenses**

**Plaintiff:** Mr. Shelton brings this action under the Telephone Consumer Protection Act, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012). Mr. Shelton alleges that Direct Energy hired the co-defendant KAA Energy to make

telemarketing calls on its behalf and that KAA made an automated call to Mr. Shelton's cellular phone in violation of the TCPA.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The call was made despite the fact that Mr. Shelton had previously sued those same parties for that same conduct.  Mr. Shelton alleges Direct Energy is vicariously liable for violating the TCPA.  Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Shelton brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from Defendants.

**Defendant Direct Energy:** Mr. Shelton previously enrolled as a Direct Energy customer and sued Direct Energy and KAA Energy, a third-party telemarketing vendor, (*Shelton v. Direct Energy*, Case No. 1:19-cv-00081, in the United States District Court for the Southern District of Ohio) in relation to the enrollment call that KAA Energy placed to Mr. Shelton. Mr. Shelton later requested to be placed on a Do-Not-Call list. Not long after Mr. Shelton dismissed his case with prejudice, he received a second call from KAA Energy. Thereafter, Mr. Shelton's counsel alerted Direct Energy's counsel to the second call, and Direct Energy requested information from KAA Energy, as to why KAA Energy contacted Mr. Shelton again.  KAA Energy acknowledged that it inadvertently dialed, Mr. Shelton, while testing its equipment in advance of the forthcoming stay-at-home order to combat the spread of COVID-19.  Specifically, KAA Energy states:

> We purchased a couple of laptops in anticipation of a stay at home order in Florida so we had some agents logging in these and testing them in the office. This particular agent was logged into one of these and accidentally logged into a campaign we just created that was not yet configured for proper dialing. Due to this fact the DNC features had not been set up for manual dialing. Since the testing was being done with manually dialed win backs Shelton's number from the previous opt-in was in that list. Due to the fact that he was in the wrong campaign in the dialer, it allowed him to dial it. Had he been in the correct campaign the number would have never been able to have been dialed from the system. We [Sic.] gone back and re-tested the system to ensure it is working properly and will continue doing so during these most unprecedented circumstances in our country.

Direct Energy provided KAA Energy's response to Mr. Shelton's counsel. Mr. Shelton then filed this putative class action. Direct Energy disputes any telemarketing violation occurred, that it can be vicariously liable for KAA Energy's conduct, or that the unique and limited circumstances of any errant call(s) warrant class certification.

Additionally, Direct Energy intends to file a motion to dismiss for lack of subject matter jurisdiction based on the Supreme Court's decision in *Barr v. AAPC*, 140 S. Ct. 2335 (2020), which held that the government-debt-collection exemption amendment to the TCPA was unconstitutional and thereafter severed the amendment. Because the TCPA was unconstitutional prior to severance, any purported violations that post-date the exemption amendment and pre-date *AAPC* are unenforceable. *See Creasy v. Charter Communications, Inc.*, CV 20-1199, 2020 WL 5761117, at *5 (E.D. La. Sept. 28, 2020) ("The entirety of the pre-severance version of § 227(b)(1)(A)(iii) is void because it itself was repugnant to the Constitution before the Supreme Court restored it to constitutional health in AAPC.").

**Defendant KAA Energy: Has not made an appearance.**

### III.   Anticipated Scope of Discovery

A.   **Summarize those issues on which the Parties will need to conduct discovery.**

**Plaintiff's Position:** The Plaintiff anticipates that discovery will be needed on the requisites of Fed.R.Civ.P. 23 in order to support his anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims, including the dialing system at issue and his vicarious liability theory, in order to prepare for trial, or to oppose any summary judgment motion that the defendant may file.  Plaintiff sees no reason to stay discovery and will object to any such request.

**Defendant's Position:** Direct Energy asserts that discovery should be stayed until resolution of Direct Energy's forthcoming motion to dismiss on the basis that the Court lacks subject matter jurisdiction. Alternatively, Direct Energy will need discovery into Plaintiff's calling records and the circumstances under which KAA Energy called Plaintiff.

Agreed anticipated number of interrogatories per Party:          25

    B. Agreed anticipated number of depositions per Party:          Up to 10

    C. To the extent either Party proposes to exceed the presumptive limits in the Federal Rules of Civil Procedure for discovery, explain the basis for that proposal. n/a

    D. Do the Parties anticipate the need for experts? If so, identify the subjects on which the expert(s) may opine.

        The Plaintiff may need an expert witness to identify the telephone numbers that are in his putative class definition and to opine on the dialing system at issue.

**IV.   Status of Discovery**

Discovery has yet to commence.

**V.   Proposed Case Management Deadlines**

Deadline to serve initial disclosures under Rule 26(a)(1):   **November 11, 2020**

Deadline to amend pleadings to add claims or Parties:   **January 29, 2021**

Deadline to complete discovery:   **August 31, 2021**

Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any):   **September 27, 2021**

Deadline for rebuttal expert reports (if any):   **October 30, 2021**

Deadline to File Motion for Class Certification:   **November 22, 2021**

| | |
|---|---|
| Deadline to file motion for summary judgment: | **60 days after ruling on Plaintiff's motion for Class Certification** |

## VI. Electronic Discovery

The Parties anticipate agreeing to an ESI Stipulation.

## VII. Protective Orders and Confidentiality Agreements

The Parties anticipate that a confidentiality protective order will be needed. Defendants will propose a Protective Order to Plaintiff.

## VIII. Alternative Dispute Resolution

The Parties do not believe that alternative dispute resolution would be appropriate at this time.

## IX. Consent to Send Case to a Magistrate Judge

The parties do not unanimously consent to proceed before a United States Magistrate Judge.

## X. Other Matters

None at this time.


Dated: October 30, 2020          by:

   /s/ Joseph F. Murray
Joseph F. Murray (327025)
Brian K. Murphy (*pro hac vice* to be filed)
Jonathan P. Misny (*pro hac vice* filed)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murray@mmmb.com
            murphy@mmmb.com
            misny@mmmb.com

Anthony I. Paronich (*pro hac vice* to be filed)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Edward A. Broderick (*pro hac vice* to be filed)
Broderick Law P.C.
99 High Street, Suite 304
Boston, MA 02110
Telephone: 508.221.1510
Facsimile: 617.830.0327
E-mail: ted@broderick-law.com

Matthew P. McCue (*pro hac vice* to be filed)
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
Telephone: 508.655.1415
Facsimile: 508.319.3077
Email: mmccue@massattorneys.net

*Counsel for Plaintiff*


By: */s/ Steven M. Lucks*
    Steven M. Lucks, Esq.
    FISHKIN LUCKS LLP
    1601 Market Street, 19th Floor
    Philadelphia, PA 19103
    (215) 607-2500 (Telephone)
    (973) 679-4435 (Facsimile)
    slucks@fishkinlucks.com

        -and-

    MCDOWELL HETHERINGTON LLP
    Michael D. Matthews, Jr.*
    Texas Bar No. 24051009
    William B. Thomas*
    Texas Bar No. 24083965

1001 Fannin Street, Suite 2700
Houston, Texas 77002
T:  (713) 337-5580
F:  (713) 337-8850
matt.matthews@mhllp.com
william.thomas@mhllp.com

*pro hac vice applications pending.*

*Attorneys for Defendant*