**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES EVERETT SHELTON, | Case No. 2:20-cv-03966-CMR |
| Plaintiff, | Judge Cynthia M. Rufe |
| v. | |
| DIRECT ENERGY, LP and KAA ENERGY, INC., | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AND FOR EXTENSION OF TIME TO SERVE SUMMONS AND COMPLAINT UPON DEFENDANT KAA ENERGY, INC.**

Plaintiff James Everett Shelton hereby requests that this Court grant Plaintiff an additional 60 days to effectuate service of the summons and complaint and permit alternative service of the summons and complaint upon Defendant KAA Energy, Inc. ("KAA Energy") via certified mail, return receipt requested, by U.S. First Class Mail with a postal Certificate of Mailing, by posting the summons and complaint at the registered agent's address of record with the Texas Comptroller of Public Accounts, and by electronic mail at the e-mail address of record with the Public Utility Commission of Texas.  In support thereof, Plaintiff avers as follows:

1. Plaintiff filed this action on August 14, 2020.

2. Plaintiff has diligently attempted service of the summons and complaint but has been unable to successfully effectuate service of process upon KAA Energy due to several reasons outside his control.

3. According to the records of the Texas Comptroller of Public Accounts, Defendant KAA Energy's president and registered agent is David Atiqi, with an address of 3914 Trailstone

Lane, Katy, Texas 77494.  (*See* Texas Comptroller of Public Accounts records for KAA Energy, attached hereto as Exhibit 1.)

4. On Thursday, August 20, 2020 at approximately 5:32 p.m., Kyle Bowers of All Texas Process Servers went to Mr. Atiqi's address of record with the Texas Comptroller of Public Accounts, 3914 Trailstone Lane, Katy, Texas 77494, which is a residential address (the "Residence").  He spoke with a man named Robert who confirmed his brother David Atiqi did live at the Residence but was not in.  (*See* Affidavit of Non-Service of Kyle Bowers, attached hereto as Exhibit 2, ¶ 1.)

5. On Tuesday, August 25, 2020 at approximately 10:11 a.m., Mr. Bowers went to the Residence.  Upon arrival, he knocked on the door several times and did not receive a response.  (*Id.* ¶ 2.)

6. Plaintiff then hired another process server to attempt service on KAA Energy.

7. On Saturday, September 12, 2020 at approximately 11:09 a.m., Jacqueline M. Williams of Houston Civil Process went to Mr. Atiqi's Residence.  There was no answer.  (*See* Affidavit of Non-Service of Jacqueline M. Williams, attached hereto as Exhibit 3, ¶ 1.)

8. On Wednesday, September 16, 2020 at approximately 5:51 p.m., Ms. Williams went to the Residence and spoke to a man as he was backing out of the driveway.  The man said Mr. Atiqi was not home.  (*Id.* ¶ 2.)

9. On Tuesday, September 29, 2020 at approximately 7:51 p.m., Ms. Williams went to the Residence.  There was no answer.  (*Id.* ¶ 3.)

10. On Wednesday, October 28, 2020 at approximately 7:18 p.m., Ms. Williams went to the Residence.  There was no answer.  (*Id.* ¶ 4.)

11. Plaintiff, having made six diligent attempts at personal service upon KAA Energy, now moves this Court for an order authorizing alternative service of the summons and complaint on KAA Energy and allowing Plaintiff an additional 60 days to attempt to make service.

12. Plaintiff proposes to serve KAA Energy with the summons and complaint by having his counsel's office send the summons and complaint via certified mail, return receipt requested, via U.S. First Class Mail[1], and via electronic mail at the address on record with the Public Utility Commission of Texas, david@kaaenergy.com (*see* Exhibit 4, attached hereto), and by having a process server post the summons and complaint at the Residence.

## LEGAL ARGUMENT

Under Federal Rule of Civil Procedure 4(h), a plaintiff may serve a corporation either (1) "in the manner prescribed by [Federal] Rule 4(e)(1) for serving an individual" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process …." Fed. R. Civ. P. 4(h). Federal Rule 4(e)(1), referenced in the former method, directs a plaintiff to follow "state law for serving a summons …." Fed. R. Civ. P. 4(e)(1).

Pennsylvania Rule of Civil Procedure 424 states:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
>
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

---

[1] Plaintiff's counsel's office will also purchase a postal Certificate of Mailing to prove that the summons and complaint were mailed via U.S. First Class Mail to the appropriate party and address and will submit the same to the Court along with an affidavit of service.

3

>  (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Rule 430, upon which Plaintiff's Motion is premised, provides:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

To obtain leave for alternate service, a plaintiff must show (1) "a good faith effort to locate the Defendant"; (2) that "practical efforts to serve Defendant" have been undertaken; and (3) that "the proposed alternate method of service is reasonably calculated to provide the defendant with notice of the proceedings against [it]." *Clark v. Tennessee Shell Co., Inc.*, No. 07-1579, 2008 WL 1944124, at *1 (W.D. Pa. May 1, 2008) (citing *Calabro v. Leiner*, 464 F. Supp. 2d 470 (E.D. Pa. 2006)). A request for alternate service is an extraordinary remedy and should be granted only if service cannot be made under any other applicable rule of civil procedure. *See Flannigan v. Borough of Ambridge*, No. 06-1350, 2007 WL 404010, at *1 (W.D. Pa. Feb. 1, 2007).

Plaintiff has made a good faith and diligent attempt to locate and serve KAA Energy. Here, Plaintiff's process servers have submitted sworn affidavits stating they have collectively made six documented, diligent attempts to effectuate personal service upon KAA Energy at Mr. Atiqi's Residence, on multiple occasions between August 20, 2020 and October 28, 2020, without success. Plaintiff is unaware of the identity of any other officers, owners, or authorized members of KAA Energy, since according to the records of the Texas Comptroller of Public Accounts, the only officer listed for the business is Mr. Atiqi.

Therefore, Plaintiff has exhausted all avenues available to effectuate valid service of process upon KAA Energy, and Plaintiff should be permitted to effectuate original service via

alternative means.  Plaintiff's proposed methods of alternative service are all reasonably calculated to give KAA Energy actual knowledge of the instant lawsuit.  If this Court does not grant Plaintiff this relief, it would prejudice the Plaintiff because he would be unable to complete original service of process and his complaint might be subject to dismissal without prejudice for failure to serve the Defendant.

In addition, Federal Rule of Civil Procedure 4(m) permits the Court to extend the time limit for service upon a showing of good cause for the failure to serve.  Plaintiff avers that good cause exists due to its diligent but unsuccessful efforts to serve KAA Energy as set forth above.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Alternative Service and for Extension of Time to Serve Summons and Complaint Upon Defendant KAA Energy, Inc., and for such further relief as this Court deems just and appropriate.

PLAINTIFF,
By his attorneys,

**/s/ Jonathan P. Misny**
Joseph F. Murray (327025)
Brian K. Murphy (*pro hac vice* to be filed)
Jonathan P. Misny (admitted *pro hac vice*)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murray@mmmb.com
           murphy@mmmb.com
           misny@mmmb.com

        Anthony I. Paronich (*pro hac vice* to be filed)
        Paronich Law, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        (508) 221-1510
        anthony@paronichlaw.com

        Edward A. Broderick (*pro hac vice* to be filed)
        Broderick Law P.C.
        99 High Street, Suite 304
        Boston, MA 02110
        Telephone: 508.221.1510
        Facsimile: 617.830.0327
        E-mail: ted@broderick-law.com

        Matthew P. McCue (*pro hac vice* to be filed)
        The Law Office of Matthew P. McCue
        1 South Avenue, Suite 3
        Natick, MA 01760
        Telephone: 508.655.1415
        Facsimile: 508.319.3077
        Email: mmccue@massattorneys.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2020, the foregoing was electronically filed via the CM/ECF system, which will send notice of such filing to all counsel of record.

        **/s/ Jonathan P. Misny**
        Jonathan P. Misny (0090673)